1 | Jose Garay, Esq. SBN 200494
**JOSE GARAY, APLC**
2 | 9861 Irvine Center Drive
Irvine, California 92618
Telephone: (949) 208-3400
4 | Facsimile: (949) 713-0432
5 | jgaray@garaylaw.com

6 | Christopher J. Hamner, Esq. SBN 197117
7 | **HAMNER LAW OFFICES, APC**
555 W. Fifth Street, 31st Floor
8 | Los Angeles, California 90013
9 | Telephone: (213) 533-4160
Facsimile: (213) 533-4167
10 | chamner@hamnerlaw.com

11

12 | [Additional counsel listed on following page.]

13 | Attorneys for Plaintiff, ANDREW LUO

14

15 | UNITED STATES DISTRICT COURT

16 | NORTHERN DISTRICT OF CALIFORNIA

17

18 | ANDREW LUO, individually and collectively on behalf of those similarly
19 | situated,

20 | Plaintiffs
21 | vs.
22

23 | ZYNGA, INC., a Delaware corporation and DOES 1 through 100, inclusive,
24

25 | Defendants.
26

27

Case No. 13 0186

**COLLECTIVE ACTION COMPLAINT FOR VIOLATIONS OF FAIR LABOR STANDARDS ACT; CLASS ACTION COMPLAINT FOR VIOLATIONS OF CALIFORNIA WAGE AND HOURS LAW; CLAIMS FOR DAMAGES, RESTITUTION**

**DEMAND FOR JURY TRIAL**

FILED
2013 JAN 14 P 1: 19
RICHARD W. WIEKING

1
CLASS ACTION COMPLAINT FOR VIOLATIONS OF
FLSA AND STATE WAGE AND HOUR LAWS

1  Glenn C. Nunes, Esq.  SBN 210453
2  **THE NUNES LAW GROUP**
3  1 Sansome Street, Suite 3500
   San Francisco, CA 94104
4  Telephone:  (415) 946-8894
5  Facsimile:  (415) 946-8801
   glenn@nuneslawgroup.com
6
7  / / /
8  / / /
9  / / /
10 / / /
11 / / /
12 / / /
13 / / /
14 / / /
15 / / /
16 / / /
17 / / /
18 / / /
19 / / /
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /

2

CLASS ACTION COMPLAINT FOR VIOLATIONS OF
FLSA AND STATE WAGE AND HOUR LAWS

Plaintiff Andrew Luo (hereinafter "Named Plaintiff" or "Plaintiff" or "Luo") allege, on behalf of himself and classes of those similarly situated, as follows:

**INTRODUCTION**

1.      Named Plaintiff brings this case as a class action against Zynga, Inc. (hereinafter "Defendant" or "Zynga") and DOES 1-100 for failing to pay all wages and overtime due at the agreed upon hourly rate under California and federal law. Zynga failed to properly itemize wage statements for all wages due at termination, and failed to timely pay all wages due during employment and at termination.

**JURISDICTION AND VENUE**

2.      Named Plaintiff is a resident of California who worked for Zynga in San Francisco, California.

3.      Defendant is a citizen of California.  Although it is organized as a Delaware corporation, its headquarters is in California, and major business decisions are made by executives in San Francisco, California.

4.      U.S. District Court Northern District has personal jurisdiction over Defendant because many of the acts complained of occurred in this District and gave rise to the claims alleged.

5.      U.S. District Court Northern District has subject matter jurisdiction because Section 16(b) of the Fair Labor Standards Act ("FLSA"), confers federal court jurisdiction over this action. 29 U.S.C. § 216(b).

3

CLASS ACTION COMPLAINT FOR VIOLATIONS OF
FLSA AND STATE WAGE AND HOUR LAWS

6.      U.S. District Court Northern District has supplemental jurisdiction over related state law claims.  Named Plaintiff's federal and state law claims are all "substantially related" to Defendant's failure to pay overtime wages to non-exempt employees misclassified as exempt.  28 U.S.C. § 1367(a).  Thus Plaintiff's state law claims are related such that they "form part of the same case or controversy" as Plaintiff's federal claim.  28 U.S.C. § 1367(a).

7.      Pursuant to 28 U.S.C. § 1391, venue in U.S. District Court Northern District is proper because Defendant resides in the Northern District of California.  Defendant has contracted to perform obligations in the Northern District and the obligations to be performed were performed in the Northern District.  Defendant transacts business, has agents and is doing business in San Francisco County and other counties in California, and each defendant is within the jurisdiction of this court of service of process purposes.  The unlawful acts alleged herein have a direct effect on the Plaintiff and those similarly situated within the Northern District.

## SUMMARY OF CLAIMS

8.      Plaintiffs were not properly compensated by Zynga for all overtime hours worked as required by the applicable state wage and hours laws of California, such as unpaid overtime.  Plaintiffs were also not appropriately

4

1    compensated for all overtime wages due under the provisions of the FLSA as

2    described below.

3    9.      Plaintiffs were not timely paid all wages due during their employment

4

5    and at termination.

6    10.      Plaintiff brings this cause of action on behalf of himself and on behalf

7

8    of the Class of all persons similarly situated, as more fully explained below and

9    above.  This action is brought and may properly be maintained as a collective

10   action pursuant to the provisions of the Fair Labor Standards Act and other

11

12   applicable law pertaining to collective actions.  This action is brought and may

13   properly be maintained as a class action pursuant to the provisions of California

14   Code of Civil Procedure section 382 and other applicable law pertaining to class

15

16   actions.

17   11.      The proposed Class Plaintiff seeks to represent, sometimes referred to

18
     herein as the "Nationwide FLSA Collective Plaintiffs," "Class Members," or
19

20   "Class" is presently defined as follows:

21               All persons who worked for Defendant at any time during the four
22               years prior to the filing of the Complaint, in any of the following
                 positions: Software Engineer, Quality Assurance ("QA"), Information
23               Technology ("IT"), or engineering positions with the same or similar
24               job description and/or similar title as the above referenced positions
                 with Defendant which involve or include testing, engineering, and/or
25               Quality Assurance duties and whose duties overlap more than 50% by
26               title, job description, or day-to-day duties.

27

                                                5

12. It includes all derivative titles that are better defined by a "skill set" that describes realistic descriptions and expectations of the primary duties performed by the Class or sub-classes; and, that were so employed during the period of time covered by the statute of limitations applicable to the particular cause of action in which the terms "Nationwide FLSA Collective Plaintiffs" or "Class Members," or "Class" appear, including periods of time during which the statute of limitations was or may have been tolled or suspended. There is a well-defined community of interest in the litigation and the Class is ascertainable.

13. Named Plaintiff also brings this action on behalf of himself and all persons included in the above definition of "Class Members" who were employed by Zynga in California (hereinafter the "California Class") at any time during the four years prior to the filing of the Complaint in this action (hereinafter the "California Class Period").

14. Zynga unlawfully failed to pay all overtime wages owed to Named Plaintiff, Nationwide FLSA Collective Plaintiffs, and California Class members who worked without proper compensation for all overtime work pursuant to California law. The Named Plaintiff, Nationwide FLSA Collective Plaintiffs, and California Class members worked overtime hours, as defined by the applicable federal and State laws, and are and have been entitled to an agreed upon compensations at one and one-half times the regularly hourly rate ("overtime

CLASS ACTION COMPLAINT FOR VIOLATIONS OF
FLSA AND STATE WAGE AND HOUR LAWS

compensation") for those hours, and at twice the regular hourly rate for some overtime hours.

15.    Zynga has willfully refused to pay Named Plaintiff, Nationwide FLSA Collective Plaintiffs, and California Class members the required overtime compensation for all hours worked, and has failed to keep time records as required by law.

16.    Defendant's practices violate the FLSA and California state laws as pled herein.  Plaintiffs seek payment for wages for all overtime hours employees were required, suffered, or permitted by Zynga to work, liquidated and/or other damages and penalties as permitted by applicable law, interest, and attorneys' fees and costs.

17.    Named Plaintiff is a former Zynga "Software Engineer" who spent more than 50% of his time performing non-exempt testing, engineering, and/or quality assurance work.

18.    Defendant misclassified Named Plaintiff as exempt from FLSA and California's overtime wage requirements.  Nationwide FLSA Collective Plaintiffs, and California Class members were misclassified because their primary duty consisted of performing non-exempt work.  Nationwide FLSA Collective Plaintiffs, and California Class members contend they spent significant portions of

CLASS ACTION COMPLAINT FOR VIOLATIONS OF
FLSA AND STATE WAGE AND HOUR LAWS

their work time performing non-exempt testing, engineering and/or quality assurance work.

19.    Zynga uses various job titles for testing, engineering, and/or quality assurance roles. Terms used in job titles given those in testing, engineering, and/or quality assurance roles include, but are not limited to, "engineer," and "quality" (including all similar titles regardless of whether their positions include words noting level or specific position such as support, specialist, manager, analyst, Senior, Alpha, 1, 2, 3, etc.).

20.    Zynga describes its testing, engineering, and quality assurance jobs using a multitude of different job titles/descriptions that perform essentially the same duties or overlap significantly. The job description and primary duties of employees, such as Named Plaintiff, focus on routine and repetitive tasks more than 50% of the time. These tasks and responsibilities primarily include testing, engineering, and quality assurance, including, but not limited to, routine troubleshooting, automated debugging, standardized configuration and systematic testing of application and software within Zynga pre-defined parameters. These tasks do not require independent judgment and discretion. Zynga's categorization, titles, and level of pay grade designated to employees do not correspond to primary duties.

CLASS ACTION COMPLAINT FOR VIOLATIONS OF
FLSA AND STATE WAGE AND HOUR LAWS

21.   Plaintiffs were non-exempt employees under applicable wage orders, regulations and statutes, and Plaintiffs were not subject to an exemption for executive, administrative and professional employees, which imposed an obligation on the part of the Defendants to pay Plaintiffs lawful overtime pay.

22.   Plaintiffs allege that Defendant had, and continues to have, a policy of failing and refusing to pay overtime to its Employees.  During the Liability Period, Defendants were obligated to pay Plaintiffs overtime compensation for all hours worked over right (8) hours of work in one (1) day or forty (40) hours in one week.

23.   Plaintiffs primarily performed non-exempt work in excess of the maximum regular rate hours set by regulations or statutes, and therefore entitled to overtime compensation at time and a half rate, and when applicable, double time rates as set forth by the relevant regulations and/or statutes.

24.   During the Liability Period, the Defendants, and each of them, required Plaintiffs to work overtime without lawful compensation, in violation of the various above applicable regulations and statutes.

## THE PARTIES

### A.   PLAINTIFFS

25.   Named Plaintiff entered into an employment relationship with Zynga and was employed by Zynga in California from June 2010 to August 2012.  Named Plaintiff worked hours in excess of forty hours per week and eight hours in a day,

CLASS ACTION COMPLAINT FOR VIOLATIONS OF
FLSA AND STATE WAGE AND HOUR LAWS

without receiving all overtime compensation due him as required by federal and state law, during the Class Period.

26.    Plaintiffs are identifiable similarly situated persons who were employed in California for the Defendants during the Liability Period in positions misclassified as exempt despite performing non-exempt testing, engineering, and/or quality assurance work.

**B.    DEFENDANT**

27.    Defendant Zynga is a Delaware company with its corporate headquarters located in San Francisco, California.

28.    The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants sued herein as DOES 1 to 100, inclusive, are currently unknown to Plaintiffs. Plaintiffs are informed and believe, and based thereon allege, that each of the defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiffs will seek leave of court to amend this Complaint to reflect the true names and capacities of the defendants designated hereinafter as "DOES" when such identities become known.

29.    Plaintiffs are informed and believe, and based thereon allege, that each Defendant acted in all respects pertinent to this action as the agent of other Defendants, carried out a joint scheme, business plan or policy in all respects

10

CLASS ACTION COMPLAINT FOR VIOLATIONS OF
FLSA AND STATE WAGE AND HOUR LAWS

pertinent hereto, and the acts of Defendant are legally attributable to the other Defendants.

30.     Plaintiffs are informed and believe, and based thereon allege, that at all times mentioned herein, Defendants and DOES 1 through 100, were and are companies doing business in the State of California.

31.     Plaintiffs allege Defendant among other things, a software game producer in California.

32.     At all times mentioned herein, each of said Defendants participated in the doing of the acts alleged to have been done by the named Defendants; and furthermore, the Defendants, and each of them, were the agents, servants, and employees of each and every one of the other Defendants, as well as the agents of all Defendants, and at all times mentioned herein, were acting within the course and scope of said agency and employment.

33.     At all times mentioned herein, Defendants, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of said joint venture, partnership and common enterprise.

34.     At all times herein mentioned, the acts and omissions of various Defendants, and each of them, occurred with and contributed to the various acts

CLASS ACTION COMPLAINT FOR VIOLATIONS OF
FLSA AND STATE WAGE AND HOUR LAWS

and omissions of each and every one of the other Defendants in proximately

causing the complaints, injuries and damages alleged herein.

35.    At all times mentioned herein, Defendants, and each of them,

approved of, condoned and/or otherwise ratified each and every one of the acts or

omissions complained of herein.

36.    At all times herein mentioned, Defendants, and each of them, aided

and abetted the acts and omissions of each and every one of the other Defendants,

thereby proximately causing the damages as alleged.

## COLLECTIVE ACTION ALLEGATIONS

37.    Named Plaintiff brings the First Cause of Action for violation of the

FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C.

section 216(b), on behalf of all Nationwide FLSA Collective Plaintiffs.

38.    The Nationwide FLSA Collective Plaintiffs are similarly situated in

that they were subject to substantially similar compensation provisions, and were

subject to Defendant Zynga's common practice, policy, or plan of failing to pay all

overtime wages to the Nationwide FLSA Collective Plaintiffs.

39.    The First Cause of Action for violations of the FLSA may be brought

and maintained as in "opt-in" collective action pursuant to section 16(b) of the

FLSA, 29 U.S.C. section 216(b), since the claims of the Named Plaintiff are

similar to the claims of the Nationwide FLSA Collective Plaintiffs.

CLASS ACTION COMPLAINT FOR VIOLATIONS OF
FLSA AND STATE WAGE AND HOUR LAWS

40.    The names and address of the Nationwide FLSA Collective Plaintiffs are available from Defendant Zynga, and notice should be provided to the Nationwide FLSA Collective Plaintiffs via first class mail to the last address known to their employer as soon as possible.

## CALIFORNIA CLASS ACTION ALLEGATIONS

41.    The California Plaintiffs bring the Second, Third, Fourth and Fifth Causes of Action for violation of California's wage and hour laws as a class action, pursuant to the provisions of California Code of Civil Procedure section 382 and other applicable law pertaining to class actions.

42.    The California Class is so numerous that joinder of all members is impracticable.  Plaintiffs are informed and believe, and on that basis allege, that during the California Class Period Defendant Zynga has employed at least three hundred persons who satisfy the definition of the California Class.

43.    Common questions of law and fact exist as to members of the California Class, including, but not limited to, the following:

a.    Whether Defendant unlawfully failed to pay the appropriate overtime rate;

b.    Whether Defendant unlawfully failed to pay overtime compensation in violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq*., and the California Labor Code and related

13

CLASS ACTION COMPLAINT FOR VIOLATIONS OF
FLSA AND STATE WAGE AND HOUR LAWS

regulations, Cal. Labor Code §§ 201, 202, 203, 226, 510, 558, 1171, 1174.5, and 1194, Cal. Wage Order No. 4.

c.   Whether Zynga unlawfully failed to keep and furnish California Class members with records of hours worked, in violation of Labor Code §§ 226 and 1174.

d.   Whether Zynga's policy and practice of failing to pay its employees all wages due within the time required by law after employment ended violates California law; and

e.   The proper measure of damages sustained and the proper measure of restitution recoverable by member of the California Class.

f.   The California Plaintiffs' claims are typical of California Class Members' claims.  The California Plaintiffs, like other California Class Member were subjected to Zynga's policy and practice of failing to pay all wages, including overtime wages in violation of California law.

g.   The California Plaintiffs will fairly and adequately represent and protect the interests of California Class Members.  The California Plaintiffs have retained counsel competent and experienced in complex class actions, state labor and employment litigation, and the FLSA.

14

CLASS ACTION COMPLAINT FOR VIOLATIONS OF
FLSA AND STATE WAGE AND HOUR LAWS

h.   Class certification of the Second, Third, Fourth and Fifth Causes of

Action is appropriate pursuant to California Code of Civil Procedure

because questions of law and fact common to the California Class

predominate over any questions affecting only individual members of

the California Class, and because a class action is superior to other

available methods for the fair and efficient adjudication of this

litigation.  Zynga's common ad uniform polices and practices results

in unlawful underpayment of the California Class for all overtime

wages, in compliance with Labor Code section 212.  The damages

suffered by individual California Class members are small compared

to the expense and burden of individual prosecution of this litigation.

i.   In addition, class certification is superior because it will obviate the

need for unduly duplicative litigation that might result in inconsistent

judgments about Zynga's practices.

44.   Defendants, such as Zynga routinely violate wage and hour laws.

Their employees are often afraid to assert their rights out of fear of direct or

indirect retaliation.  Their former employees are fearful of bringing claims because

doing so can harm their employment and future employment and future efforts to

secure employment.  This reality is of particular concern in the high technology

15

CLASS ACTION COMPLAINT FOR VIOLATIONS OF
FLSA AND STATE WAGE AND HOUR LAWS

industry where employees are misled or are misinformed about the practical consequence of filing individualized claims.

45.    In recent lawsuits, Plaintiff's counsel surveyed a broad spectrum of high tech employees and confirmed a strong fear of retaliation in high-tech companies. The surveys uncovered an overwhelming resistance by high tech employees to assert claims for misclassification (primarily, for fear of being "black-listed"). However, the same individuals were willing to assist litigation when a colleague asserted typical claims, such as overtime.

46.    Class actions provide class members who are not named in the complaint a degree of anonymity that allows for vindication of their rights while eliminating these risks, or at least enormously reducing them. This dynamic is particularly true in the high-tech industry where the perception of retaliation is measured against the cost of obtaining a bona fide professional degree in a bona fide professional position. The risk of litigation-related consequences to prospective employment virtually assures defendants a safe-haven to violate California's overtime laws.

/ / /

/ / /

/ / /

/ / /

16

CLASS ACTION COMPLAINT FOR VIOLATIONS OF
FLSA AND STATE WAGE AND HOUR LAWS

## FIRST CAUSE OF ACTION
*Failure to Pay Wages at Federal Overtime Rate*
(Fair Labor Standards Act, 29 U.S.C. § 201 et seq.)

47.     Named Plaintiff, on behalf of himself and all Nationwide FLSA Collective Plaintiffs, hereby re-allege and incorporate all paragraphs of this Complaint as though fully set forth herein.

48.     On information and belief, at all relevant times, Defendant was an "employer" engaged in interstate "commerce" and/or in the production of "good" for "commerce," within the meaning of the FLSA, 29 U.S.C. section 203. At all relevant times, Defendant employed Named Plaintiff and each of the Nationwide FLSA Collective Plaintiffs.

49.     Attached hereto as Exhibit 2 is the consent to join form signed by Named Plaintiff in this action pursuant to section 16(b) of the FLSA, 29 U.S.C. sections 216(b) and 256. It is likely that other individuals will sign consent forms and join as plaintiffs on this claim in the future.

50.     The FLSA requires each covered employer, such as Defendant, to compensate all non-exempt employees for all hours worked and overtime at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek.

51.     The Nationwide FLSA Collective Plaintiffs were entitled to be paid hourly overtime compensation for all overtime hours worked.

17

52.   At all relevant times, Defendant, pursuant to its policies and practices, failed and refused to pay appropriate minimum wages and overtime to the Nationwide FLSA Collective Plaintiffs for all hours worked.

53.   By failing to compensate the Nationwide FLSA Collective Plaintiffs, at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, Zynga has violated the FLSA, 29 U.S.C. sections 201 et seq., including 29 U.S.C. sections 207(a)(1) and 215(a).

54.   By failing to record, report, and/or preserve records of hours worked by the Nationwide FLSA Collective Plaintiffs, Zynga has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. sections 201 et seq., including 29 U.S.C. sections 211(c) and 215(a).

55.   The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. section 255(a).

56.   Named Plaintiff, on behalf of himself and the Nationwide FLSA Collective Plaintiffs, seek recovery of their attorneys' fees, and costs of action to be paid by Zynga, as provided by the FLSA, 29 U.S.C. section 216(b).

57.   Named Plaintiff, on behalf of himself and the Nationwide FLSA Collective Plaintiffs seek damages in the amount of their respective unpaid

18

CLASS ACTION COMPLAINT FOR VIOLATIONS OF
FLSA AND STATE WAGE AND HOUR LAWS

overtime compensation, liquidated damages as provide by the FLSA, 29 U.S.C.

section 216(b), interest, and such other legal and equitable relief as the Court

deems just and proper.

58.    WHEREFORE, Named Plaintiff and the Class he seeks to represent

request relief as described herein and below.

## SECOND CAUSE OF ACTION
*Failure to Pay Wages at California Overtime Rate*
(Lab. Code §§ 510, 515.5, 1194 and 1199, IWC Wage Orders, and
Related Violations)

59.    Named Plaintiff, on behalf of himself and all California Class

Members, hereby re-allege and incorporate all paragraphs of this Complaint as

though fully set forth herein.

60.    Throughout the period applicable to this cause of action, Named

Plaintiff and the proposed Class Members worked in excess of forty (40) hours per

week and/or in excess of excess of eight (8) hours per day more than 50% of the

time in non-exempt duties lacking the requisite discretion and independent

judgment in matters of significance, as required by California law.

61.    Defendants were actually aware that Class Members were working

overtime virtually every week during the enter liability period, but Defendant

failed and refused to pay Class Members for their overtime hours.  Throughout the

period applicable to this cause of action, Defendants did not pay Named Plaintiff

19

or Class Members at the required overtime rates for the work described in the preceding paragraphs.

62.     Pursuant to California Labor Code section 1194, Named Plaintiff and the Class Members are entitled to recover unpaid overtime compensation, and other unpaid wages, plus interest, plus attorneys' fees and costs.

63.     As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, the California Plaintiff and the California Class members have sustained damages, including loss of earnings for hours of overtime worked on behalf of Defendants in an amount to be established at trial, prejudgment interest, and costs and attorneys' fees, pursuant to statute and other applicable law.

64.     WHEREFORE, Named Plaintiff and the Class he seeks to represent request relief as described herein and below.

## THIRD CAUSE OF ACTION
*Failure to Pay All Wages Upon Termination of Employment*
(Lab. Code §§ 201, 202, and 203)

65.     Named Plaintiff, on behalf of himself and all California Class Members, hereby re-allege and incorporate all paragraphs of this Complaint as though fully set forth herein.

66.     Named Plaintiff and many of the other Class Members quit or were discharged from their employment within the statute of limitations period applicable to this cause of action. As of the filing of the Complaint, Defendants

CLASS ACTION COMPLAINT FOR VIOLATIONS OF
FLSA AND STATE WAGE AND HOUR LAWS

1  failed to timely pay wages due, and Named Plaintiff and Class Members are owed

2  penalties pursuant to Labor Code sections 201, 202, 203.

3      67.    Defendants failed to pay said employees, without abatement, all

4

5  wages (as defined by applicable California law) within the time required by

6  applicable California law. Among other things, these employees were never paid

7

8  any of the overtime compensation referred to in this Complaint, nor were they paid

9  the other unpaid wages referred to in this Complaint. Defendants' failure to pay

10  said wages within the required time was willful within the meaning of Labor Code

11

12  section 203.

13      68.    Therefore, each of these employees is entitled to one day's wages for

14

15  each day he or she was not timely paid all said wages due, up to a maximum of

16  thirty days' wages for each employee. Because none of said employees were ever

17  paid the overtime wages to which they were entitled, and each of said employees is

18  entitled to thirty days' wages.

19

20      69.    WHEREFORE, Named Plaintiff and the Class he seeks to represent

21  request relief as described herein and below.

22  / / /

23  / / /

24  / / /

25  / / /

26

27

21

CLASS ACTION COMPLAINT FOR VIOLATIONS OF
FLSA AND STATE WAGE AND HOUR LAWS

**FOURTH CAUSE OF ACTION**
*Failure to Furnish Accurate Itemized Statements*
(Lab. Code §§ 226(b), 1174, 1175)

70.     Named Plaintiff, on behalf of himself and all California Class Members, hereby re-allege and incorporate all paragraphs of this Complaint as though fully set forth herein.

71.     Throughout the period applicable to this cause of action, Defendants intentionally failed to furnish to Named Plaintiff and the Class Members, upon each payment of wages, itemized statements accurately showing, among other matters: total hours worked, the applicable hourly rates in effect during the pay period, and the corresponding number of hours worked at each hourly rate.  In particular, wage statements provided to Class Members showed the wrong number of hours worked.

72.     Named Plaintiff and the Class Members were damaged by these failures because, among other things, the failures led them to believe that they were not entitled to be paid overtime, even though they were so entitled, and because the failures hindered them from determining the amounts of overtime wages owed to them.

73.     Named Plaintiff and the Class Members are entitled to the amounts provided for in Labor Code section 226(e), plus costs and attorneys' fees.

CLASS ACTION COMPLAINT FOR VIOLATIONS OF
FLSA AND STATE WAGE AND HOUR LAWS

74. WHEREFORE, Named Plaintiff and the Class Members he seeks to

represent request relief as described herein and below.

### FIFTH CAUSE OF ACTION
*Violation of Unfair Competition Law (UCL)*
(Bus. and Prof. Code § 17200 *et seq.*)

75. Named Plaintiff, on behalf of himself and all California Class

Members, hereby re-allege and incorporate all paragraphs of this Complaint as

though fully set forth herein.

76. Named Plaintiff bring this action on behalf of each and all members of

the general public, including the Class Members and Plaintiff himself, pursuant to

Business and Professions Code sections 17200 *et seq.* Defendants' conduct

alleged above constitutes unlawful business acts and practices in violation of

Business & Professions Code sections 17200 *et seq.* Defendants engaged in unfair

competition in violation of the UCL by violating, *inter alia,* each of the following

laws: each of these violations constitutes an independent and separate violation of

the UCL:

    a. California applicable Wage Orders

    b. California Labor Code § 1194;

    c. California Labor Code §§ 201, 202, 203, 204, and 226;

    d. California Labor Code § 1174; and

    e. California Labor Code § 510, which provides in relevant part:

> *b. Any work in excess of eight hours*
> *in one workday and any work in excess of 40*

23

*hours in anyone workweek and the first
eight hours worked on the seventh day of
work in any one workweek shall be
compensated at the rate of no less than one
and one-half times the regular rate of pay
for an employee, Any work in excess of 12
hours in one day shall be compensated at
the rate of no less than twice the regular
rate of pay for an employee, In addition, any
work in excess of eight hours on any seventh
day of a workweek shall be compensated at
the rate of no less than twice the regular
rate of pay of an employee.*

77.     Defendants' course of conduct, acts, and practices in violation of the

California laws mentioned in the above paragraph constitute a separate and

independent violation of the UCL. Defendants' conduct described herein violates

the policy or spirit of such laws or otherwise significantly threatens or harms

competition.  The harm to California Plaintiff and the California Class in being

wrongfully denied lawfully earned wages outweighs the utility, if any, of

Defendants' policies or practices and, therefore, Defendants' actions described

herein constitute an unfair business practice or act within the meaning of the UCL.

78.     The unlawful and unfair business practices and acts of Defendants,

described above, have injured the California Class Members in that they were

wrongfully denied the payment of earned overtime wages.

79.     Named Plaintiff, on behalf of himself and the Class Members, seeks

restitution in the amount of the respective unpaid wages earned and due at a rate

CLASS ACTION COMPLAINT FOR VIOLATIONS OF
FLSA AND STATE WAGE AND HOUR LAWS

not less than one and one-halftimes the regular rate of pay for work performed in excess of forty hours in a work week, or eight hours in a day, and double the regular rate of pay for work performed in excess of twelve hours per day and such other legal and equitable relief from Defendants' unlawful and willful conduct as the Court deems just and proper.

80.     Pursuant to Business and Professions Code sections 17200 *et seq.*, for the statute of limitations period covered by this cause of action, Named Plaintiff and the Class Members, are entitled to restitution for at least the following: the unpaid overtime earnings and other unpaid earnings withheld and retained by Defendants referred to above.

81.     Named Plaintiff and the Class Members and the general public are also entitled to permanent injunctive and declaratory relief prohibiting Zynga from engaging in the violations and other misconduct referred to above.

82.     Defendants are also liable to pay attorneys' fees pursuant to California Code of Civil Procedure section 1021.5 and other applicable law, and costs. The Named Plaintiff, on behalf of himself and Class Members, also seeks recovery of attorneys' fees and costs of this action to be paid by Zynga, as provided by the UCL and California Labor Code §§ 218, 218.5, and 1194.

83.     WHEREFORE, Named Plaintiff and the Class Members he seeks to represent request relief as described herein and below.

CLASS ACTION COMPLAINT FOR VIOLATIONS OF
FLSA AND STATE WAGE AND HOUR LAWS

## PRAYER FOR RELIEF

WHEREFORE, Named Plaintiff on behalf of himself and all members of the Nationwide California Class he seeks to represent, pray for relief as follows:

1.    Certification of this action as a class action on behalf of the proposed class;

2.    Designation of each California Plaintiff as Representative of the Class they seek to represent;

3.    A declaratory judgment that the practices complained of herein are unlawful under appropriate state law;

4.    That the attorneys of record for Named Plaintiff whose names appear in this Complaint be appointed Class counsel;

5.    Appropriate equitable relief to remedy Defendant's violations of state law, including but not necessarily limited to an order enjoining Defendant from continuing its unlawful practices;

6.    For restitution for all costs incurred and/or losses caused to Named Plaintiffs and California Class members for all checks issued by an out-of-state bank and any other violations of Labor Code section 212;

7.    For an injunction against Defendant enjoining it from all future violations of Labor Code section 212 and requiring it to provide paychecks to California employees that meet the requirements of Labor Code section 212.

CLASS ACTION COMPLAINT FOR VIOLATIONS OF
FLSA AND STATE WAGE AND HOUR LAWS

8. Appropriate statutory penalties;

9. An award of compensatory and punitive damages to the extent available, liquidated damages pursuant to Labor Code section 1194.2;

10. Pre-Judgment and Post Judgment interest, as provided by law;

11. Such other injunctive and equitable relief as the Court may deem just and proper; and

12. Attorneys' fees and cost of suit, including expert fees and fees pursuant to Cal. Lab. Code sections 218.5, 1194, Cal. Code Civ. Proc. Sections 1021.5, and other applicable state laws.

13. For an order that Defendant make restitution to Plaintiffs and the California Class due to their unlawful business practices, including unlawfully-collect compensation pursuant to California Business and Professions Code sections 17203 and 17204; and

WHEREFORE, Named Plaintiff on behalf of himself and all Nationwide FLSA Collective Plaintiffs, pray for relief as follows:

14. Designation of this action as a collective action on behalf of the Nationwide FLSA Collective Plaintiffs (asserting FLSA claims) and prompt issuance of notice pursuant to 29 U.S.C. section 216(b) to all similarly situated. Apprising them of the pendency of this action, and permitting them to assert

27
CLASS ACTION COMPLAINT FOR VIOLATIONS OF
FLSA AND STATE WAGE AND HOUR LAWS

timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. section 216(b);

15.    Designation of Named Plaintiff as Representative of the Nationwide FLSA Collective Plaintiffs;

16.    A declaratory injunction that the practices complained of herein are unlawful under the FLSA;

17.    An award of damages, according to proof, including liquidated damages, to be paid by Defendant;

18.    Costs of action incurred herein, including expert fees;

19.    Attorneys' fees and costs pursuant to 29 U.S.C. section 216;

20.    Pre-judgment and post judgment interest, as provided by law; and

21.    Such other legal equitable relief as this Court deems necessary, just and proper.


DATED: January 10, 2013                    **HAMNER LAW OFFICES, APC**


                                           By: Christopher J. Hamner, Esq.,
                                           Attorney for Plaintiffs, ANDREW LUO, on
                                           behalf of himself and all others similarly
                                           situated

CLASS ACTION COMPLAINT FOR VIOLATIONS OF
FLSA AND STATE WAGE AND HOUR LAWS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 1

CLASS ACTION COMPLAINT FOR VIOLATIONS OF
FLSA AND STATE WAGE AND HOUR LAWS

**CONSENT TO JOIN FORM**

**Consent to sue under the Fair Labor Standards Act (FLSA)**

I worked for Zynga, Inc as a Software Engineer, Quality Assurance ("QA"), Information Technology ("IT"), Other:_____.

I choose to participate in the FLSA collective action titled *Luo, et al. v. Zynga, Inc.* to recover unpaid minimum wage and overtime pay under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. 216(b), and other relief under state and federal law related to my employment by Zynga, Inc.

I choose to be represented in this matter by the named plaintiffs and counsel (Jose Garay, APLC, Hamner Law Offices, APC, Nunes Law Group,) in this action.


Dates Employed:      From _____            To _____


Print Name:                    _____


Signature:                      _____


Date Signed:                  _____


To opt in to this collective action, fill out this form and mail, fax, or e-mail it to:

Christopher J. Hamner
Hamner Law Offices, APC
555 W. Fifth Street, 31st Floor
Los Angeles, California 90013
Telephone:    (213) 533-4160
Facsimile:    (213) 533-4167
chamner@hamnerlaw.com

30

CLASS ACTION COMPLAINT FOR VIOLATIONS OF
FLSA AND STATE WAGE AND HOUR LAWS

## CONSENT TO JOIN FORM

### Consent to sue under the Fair Labor Standards Act (FLSA)

I worked for Zynga, Inc as a Software Engineer.

I choose to participate in the FLSA collective action titled *Luo, et al. v. Zynga, Inc.* to recover unpaid minimum wage and overtime pay under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. 216(b), and other relief under state and federal law related to my employment by Zynga, Inc.

I choose to be represented in this matter by the named plaintiffs and counsel (Nunes Law Group, Jose Garay, APLC and the Hamner Law Offices, APC) in this action.

Dates Employed:     From   06 / 14 / 2010            To   08 / 01/ 2012

Print Name:     ANDREW LUO

Signature:

Date Signed:     12 / 31 / 2012

To opt in to this collective action, fill out this form and mail, fax, or e-mail it to:

Christopher J. Hamner
Hamner Law Offices, APC
555 W. Fifth Street, 31st Floor
Los Angeles, California 90013
Telephone:     (213) 533-4160
Facsimile:      (213) 533-4167
chamner@hamnerlaw.com