UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANDREW LUO,<br><br>    Plaintiff,<br><br>    v.<br><br>ZYNGA INC.,<br><br>    Defendant. | Case No. 13-cv-00186 NC<br><br>**ORDER UNSEALING SETTLEMENT AGREEMENT**<br><br>Re: Dkt. No. 20 |

Pending before the Court is the parties' joint motion for approval of their settlement agreement, dismissal of Luo's individual claims with prejudice, and dismissal of Luo's claims on behalf of the proposed class without prejudice. Dkt. No. 20. Because the motion indicated that the settlement agreement contained a confidentiality provision preventing the parties from filing the agreement in the public record, the Court previously ordered the parties to file the settlement agreement under seal. After an in camera review of the settlement agreement and considering the arguments made by the parties at the hearing on the joint motion for approval, the Court finds that the parties have not presented any facts justifying sealing the settlement agreement. As set forth below, the parties have the option of withdrawing their motion seeking approval of the settlement and dismissal of the case, or moving forward with their motion and settlement agreement as part of the public record.

//

Case No. 13-cv-00186 NC
ORDER UNSEALING
SETTLEMENT AGREEMENT

## I. BACKGROUND

On January 14, 2013, Luo filed a complaint on behalf of himself and a putative class of all others similarly situated, against Zynga for violations of the Fair Labor Standards Act ("FLSA") and state wage and hour laws. Dkt. No. 1. The parties consented to the jurisdiction of a United States magistrate judge under 28 U.S.C. § 636(c). Dkt. Nos. 9, 11. On May 10, 2013, the parties filed a stipulation seeking an order dismissing this action with prejudice with respect to Luo's claims, and without prejudice as to the claims of the alleged class. Dkt. No. 18. The Court denied this request without prejudice, and permitted the parties to resubmit their request by filing a properly noticed motion addressing whether dismissal of Luo's FLSA claims and the putative class claims is proper in light of the applicable law requiring Court approval. Dkt. No. 19.

On June 18, 2013, the parties filed a joint motion for approval of the settlement and dismissal of the action. Dkt. No. 20. The motion stated that Luo and Zynga had executed a settlement agreement containing a confidentiality provision preventing its filing as a public record. *Id.* at 4. The Court ordered the parties to file the settlement agreement under seal. Dkt. No. 23. The motion for approval of the settlement was originally noticed for hearing to be held on July 24, 2013, and was subsequently rescheduled to August 7, 2013, due to the nonappearance of counsel. Dkt. Nos. 20, 27. On July 24, 2013, the Court issued an order directing the parties to address several issues at the hearing, including whether the settlement agreement should be filed as a public record, and the scope of the release provision contained in the settlement. Dkt. No. 27. The hearing was held on August 7, 2013. No objectors appeared. The parties argued that the settlement agreement should remain confidential, and indicated that, otherwise, the settlement will become "null and void."

## II. LEGAL STANDARD

There is a presumption of public access to judicial records and documents. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). Therefore, a party must demonstrate "compelling reasons" to seal judicial records attached to a dispositive motion. *Kamakana v.*

Case No. 13-cv-00186 NC
ORDER UNSEALING
SETTLEMENT AGREEMENT

2

*City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). A party seeking to file a motion to seal in connection with a non-dispositive motion, however, must show "good cause" under Federal Rule of Civil Procedure 26(c). *In re Midland Nat'l Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012); *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) ("In light of the weaker public interest in nondispositive materials, we apply the 'good cause' standard when parties wish to keep them under seal."). "[T]he party seeking protection bears the burden of showing specific prejudice or harm will result," *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), and must make a "particularized showing . . . with respect to any individual document," *San Jose Mercury News, Inc. v. U.S. Dist. Court, N. Dist. (San Jose)*, 187 F.3d 1096, 1103 (9th Cir. 1999). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning" are insufficient. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

Furthermore, "[a] sealing order may issue only upon a request that establishes that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civ. L.R. 79-5(b). Requests to file under seal must be "narrowly tailored," *id.*, and must be accompanied by "[a] declaration establishing that the document sought to be filed under seal, or portions thereof, are sealable." Civ. L.R. 79-5(d)(1)(A). "Reference to a stipulation . . . that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." *Id.*

### III. DISCUSSION

A threshold issue related to the parties' motion to approve the settlement is whether their settlement agreement should remain under seal. In order to apply the proper standard, the Court must determine whether the parties' motion seeking approval of the settlement and dismissal of the case qualifies as a dispositive or non-dispositive motion in the sealing context. The motion seeks the Court's approval of the settlement of Luo's individual FLSA claims against Zynga and dismissal of those claims with prejudice. Dkt. No. 20 at 4-5.

When presented with a proposed settlement of FLSA claims, the Court "must determine whether the settlement is a fair and reasonable resolution of a *bona fide* dispute." *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982); *Yue Zhou v. Wang's Restaurant*, No. 05-cv-0279 PVT, 2007 WL 2298046, at *1 (N.D. Cal. Aug. 8, 2007). In addition, the parties seek dismissal without prejudice of the putative, uncertified class claims. Dkt. No. 20 at 5. The dismissal of these claims is also subject to Court approval. *See Diaz v. Trust Territory of Pac. Islands*, 876 F.2d 1401, 1408 (9th Cir. 1989).

While there is no specific Ninth Circuit guidance, most district courts considering a motion to seal in connection with a motion to approve settlement of FLSA claims have applied a presumption of public access. *See Joo v. Kitchen Table, Inc.*, 763 F. Supp. 2d 643, 646-48 (S.D.N.Y. 2011) (joining "the overwhelming consensus of district courts that have considered the issue to hold that an FLSA settlement cannot be sealed absent some showing that overcomes the presumption of public access"); *Kianpour v. Rest. Zone, Inc.*, No. 11-cv-0802, 2011 WL 3880463, at *2 (D. Md. Aug. 30, 2011) (vast majority of recent cases addressing this issue apply the presumption of public access to FLSA settlements); *Taylor v. AFS Technologies, Inc.*, No. 09-cv-2567, 2010 WL 2079750, at *2-3 (D. Ariz. May 24, 2010) (applying compelling reasons standard to a motion to approve FLSA settlement and permitting the parties to elect between withdrawing FLSA settlement or making settlement agreement part of public record); *see also M.P. ex rel. Provins v. Lowe's Companies, Inc.*, No. 11-cv-01985, 2012 WL 1574801, at *1 (E.D. Cal. May 3, 2012) (holding that, because approval of minor's settlement is dispositive, the compelling reasons standard applies to motion to seal, citing *Taylor*, 2010 WL 2079750, at *2); *Select Portfolio Servicing v. Valentino*, No. 12-cv-0334 SI, 2013 WL 1800039, at *2-3 (N.D. Cal. Apr. 29, 2013) (observing that district courts in this circuit differ on whether a motion to approve a settlement agreement that releases parties from a case is dispositive or non-dispositive for sealing purposes, but holding that the parties' agreement among themselves to keep the settlement agreement confidential failed under either the compelling reasons or the lower

good cause standard).[1]

Here, the parties argue that the settlement agreement should remain under seal because it contains a confidentiality provision preventing the parties from filing the agreement in the public record. The parties further argue that making the agreement public might discourage settlement by exposing Zynga to potential additional litigation, and might discourage employees from filing FLSA claims if too much detail is made public about their lawsuit against a former employer. These arguments are not persuasive.

Confidential settlement agreements are the type of discovery contemplated by Federal Rule of Civil Procedure 26(c), which courts have discretion to protect. *Phillips*, 307 F.3d at 1212. But a party seeking to seal a confidentiality agreement must still meet its burden. *Id.* (holding that "lower courts have the authority to grant protective orders for confidential settlement agreements" but remanding to the district court to apply the proper standard to a motion to seal). The existence of a confidentiality provision, without more, does not constitute good cause, let alone a compelling reason, to seal. *See e.g.*, *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136-38 (9th Cir. 2003); *Valentino*, 2013 WL 1800039, at *3 (that the parties agreed among themselves to make the settlement agreement confidential was insufficient to shield the information from public access); *see also Files v. Federated Payment Sys. USA, Inc*., No. 11-cv-3437, 2013 WL 1874602, at *3 (E.D.N.Y. Apr. 2, 2013) (recognizing that the public has a substantial interest in *the amount* of FLSA settlements, and that the presumption against disclosure of such information is not easily overcome).

Moreover, "[a] litigant is not entitled to the court's protection from" exposure to "additional liability and litigation." *Foltz*, 331 F.3d at 1137 (holding that exposure to liability in collateral suits is not a compelling reason to overcome the presumption of public access). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more,

---

[1] The case cited in *Valentino* as having found that a motion to approve a settlement agreement is non-dispositive, *Prosurance Grp., Inc. v. Liberty Mut. Grp., Inc.*, No. 10-cv-02600 LHK, 2011 WL 704456, at *1 (N.D. Cal. Feb. 18, 2011), does not involve the release of FLSA claims.

Case No. 13-cv-00186 NC
ORDER UNSEALING
SETTLEMENT AGREEMENT

5

compel the court to seal its records." *Kamakana*, 447 F.3d at 1179; *see also Carpenter v. Colonial Mgmt. Grp., LP*, No. 12-cv-686, 2012 WL 2992490, at *2 (D. Md. July 19, 2012) (noting that the well-recognized presumption of public access to FLSA settlements was not outweighed by the settlement's confidentiality provision or defendant's concern with "negative publicity or attention" that could follow from having the terms of this settlement made public); *Hens v. Clientlogic Operating Corp.*, No. 05-cv-381S, 2010 WL 4340919, at *2-4 (W.D.N.Y. Nov. 2, 2010) (same).  Furthermore, the fact of Luo's lawsuit and his specific allegations against Zynga are already a matter of public record.  Luo has not explained how making the settlement agreement public would discourage employees from filing similar claims.

Because the parties here have failed to articulate any facts—for example that the settlement agreement contains trade secrets or competitively sensitive information—that would justify sealing their settlement agreement, the Court finds that the settlement agreement should be unsealed.  However, because the parties have indicated that unsealing the settlement agreement would render it "null and void," the parties have the option, as detailed below, of withdrawing their motion seeking approval of the settlement and dismissal of the case, or moving forward with their motion and settlement agreement as part of the public record.  If the parties wish to move forward with a settlement, they should be advised that the Court is not inclined to approve a settlement of FLSA claims that includes a broad release provision purporting to release claims unrelated to this litigation, absent a particularized showing that such a broad release in this case is "fair and reasonable." *See, e.g., McKeen-Chaplin v. Franklin Am. Mortgage Co.*, No. 10-cv-5243 SBA, 2012 WL 6629608, at *5 (N.D. Cal. Dec. 19, 2012) (finding that parties failed to demonstrate that it would be fair and reasonable for the Court to enforce broad general release provision contained in FLSA settlement agreements where the provision did not track the breadth of the allegations in the action and released unrelated claims, and no showing was made that plaintiffs were fully informed of the consequences of the release provision).

//

## IV. CONCLUSION

Because the parties have failed to overcome the presumption of public access, the Court finds that the parties' settlement agreement should be unsealed.

By November 13, 2013, the parties must do one of the following: (1) file a notice informing the Court that they wish to withdraw their motion seeking approval of the settlement and dismissal of the case; (2) file the unsealed settlement agreement as a public record; or (3) file a stipulated request for additional time if necessary to negotiate a new settlement.

IT IS SO ORDERED.

Date: October 29, 2013

Nathanael M. Cousins
United States Magistrate Judge