UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANDREW LUO,<br><br>         Plaintiff,<br><br>    v.<br><br>ZYNGA INC.,<br><br>         Defendant. | Case No. 13-cv-00186 NC<br><br>**ORDER GRANTING MOTION FOR APPROVAL OF FLSA SETTLEMENT; DISMISSING PLAINTIFF'S INDIVIDUAL CLAIMS WITH PREJUDICE; DISMISSING CLASS CLAIMS WITHOUT PREJUDICE**<br><br>Re: Dkt. Nos. 20, 32 |

Plaintiff Andrew Luo and defendant Zynga jointly move for approval of the parties' settlement agreement, dismissal of Luo's individual claims with prejudice, and dismissal of Luo's claims on behalf of the proposed class without prejudice. Because the proposed settlement agreement represents a fair and reasonable resolution without prejudice to the putative class, the Court GRANTS the motion.

**I. BACKGROUND**

On January 14, 2013, Andrew Luo, a former Zynga software engineer, filed a complaint against Zynga for violations of the Fair Labor Standards Act ("FLSA") and state wage and hour laws. Dkt. No. 1. The complaint asserts five causes of action: (1) failure to pay wages at the federal overtime rate; (2) failure to pay wages at the California overtime rate; (3) failure to pay all wages upon termination of employment; (4) failure to furnish

accurate itemized wage statements; and (5) violation of California's Unfair Competition Law. *Id.* ¶¶ 47-83. All of the claims arise from Zynga's alleged misclassification of plaintiffs as exempt employees. *Id*. ¶ 18.

Luo brought the action on behalf of himself and a putative class of all others similarly situated. *Id.* ¶ 10. The complaint alleged that the action could properly be maintained as a collective action under the FLSA. *Id.* The complaint defined the proposed class as:

> All persons who worked for Defendant at any time during the four years prior to the filing of the Complaint, in any of the following positions: Software Engineer, Quality Assurance ("QA"), Information Technology ("IT"), or engineering positions with the same or similar job description and/or similar title as the above referenced positions with Defendant which involve or include testing, engineering, and/or Quality Assurance duties and whose duties overlap more than 50% by title, job description, or day-to-day duties.

*Id.* ¶ 11.

Zynga answered the complaint on March 13, 2013. Dkt. No. 4. The parties exchanged their initial disclosures and produced documents. Dkt. No. 32-1 ¶¶ 2-5. Luo has not moved for class certification.

Following the exchange of documents, Luo and Zynga entered into negotiations resulting in a settlement of Luo's claims. Dkt. No. 32 at 4. On May 10, 2013, Luo and Zynga filed a stipulated request for dismissal of this action. Dkt. No. 18. The Court denied the request without prejudice and ordered the parties to file a noticed motion pursuant to Civil Local Rule 7-2. Dkt. No. 19. On June 18, 2013, the parties filed a joint motion for settlement and dismissal of the action. Dkt. No. 20. The motion stated that Luo and Zynga had executed a settlement agreement containing a confidentiality provision preventing its filing as a public record. *Id*. at 4. The Court ordered the parties to file the settlement agreement under seal in advance of the hearing on the motion. Dkt. No. 23. A hearing was held on August 7, 2013. Dkt. No. 30. No members of the putative class appeared.

After reviewing the settlement agreement in camera and considering the arguments made by Luo and Zynga at the August 7 hearing, the Court issued an order finding that the

parties had not presented any facts justifying sealing the settlement agreement. Dkt. No. 31. The Court gave Luo and Zynga the option of withdrawing their motion seeking approval of the settlement and dismissal of the case, or moving forward with the motion and settlement agreement as part of the public record. *Id.*

On November 13, 2013, Luo and Zynga filed a joint motion for approval of the settlement and dismissal. Dkt. No. 32. The motion states that Luo and Zynga have renegotiated their settlement agreement and that they wish to withdraw the previous settlement agreement filed under seal. *Id.* The Court held a hearing on the motion on January 22, 2014. Again, no putative class members appeared at the hearing.

This Court has subject matter jurisdiction under 28 U.S.C. § 1331 under the FLSA, 29 U.S.C. § 216(b). Dkt. No. 1 at 3. Luo and Zynga have consented to the jurisdiction of a United States magistrate judge under 28 U.S.C. § 636(c). Dkt. Nos. 9, 11.

## II. DISCUSSION

**A.     The Settlement of Luo's FLSA Claims Is Approved.**

Luo and Zynga assert that the settlement of Luo's individual FLSA claims against Zynga should be approved, and the claims dismissed with prejudice because the settlement represents "a fair and reasonable resolution of disputed issues of FLSA coverage and potential liability." Dkt. No. 32 at 6:17-18. An employee's claims under FLSA are nonwaivable and may not be settled without supervision of either the Secretary of Labor or a district court. *Yue Zhou v. Wang's Restaurant*, No. 05-cv-0279 PVT, 2007 WL 2298046, *1 (N.D. Cal. Aug. 8, 2007) (citing *Barrentine v. Ark.-Best Freight Sys., Inc.*, 450 U.S. 728, 740 (1981); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th. Cir. 1982)). A district court presented with a proposed settlement of FLSA claims "must determine whether the settlement is a fair and reasonable resolution of a *bona fide* dispute. . . . 'If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute [,] . . . the district court [may] approve the settlement in order to promote the policy of encouraging settlement of litigation." *Id.* (quoting *Lynn's Food Stores*, 679 F.2d at 1355));

3

*see also McKeen-Chaplin v. Franklin Am. Mortg. Co.*, No. 1-cv-5243 SBA, 2012 WL 6629608, *2 (N.D. Cal. Dec. 19, 2012).

The Court finds that there is a bona fide dispute as to whether Luo was an exempt employee. Zynga asserts that it has produced documents demonstrating that Luo was exempt from overtime because he "helped to develop the software systems that Zynga uses to manage the translation process, . . . routinely presented ideas for new ways of streamlining that process, and . . . gave work direction to others." Dkt. No. 32 at 4:18-22. Zynga thus contends that Luo's claims would fail on the merits. *Id*. At the hearings on the motion for settlement, the parties also indicated that there is a dispute about the number of work weeks actually worked by Luo, as well as whether there were any overtime hours in a course of any given week because, according to Zynga, for a number of months Luo was working part time from different offices.

Additionally, the Court finds that the settlement agreement reflects a fair and reasonable compromise of Luo's FLSA claims. Under the FLSA, if employees work more than 40 hours per week they are entitled to compensation for the overtime at a rate not less than one and one-half times the regular rate of pay. 29 U.S.C. § 207(a)(1). Under the settlement agreement, Luo will receive a payment of $12,000 from Zynga. Dkt. No. 32-1 at 9 § 1(a), (c). This payment is for settlement of all of Luo's claims, not only for his claims under the FLSA. *Id*. at 9 § 2(c). In response to the Court's inquiry at the hearing as to how the settlement amount compared to the maximum recovery Luo could have obtained under his FLSA claims if he was found to be non-exempt, Zynga's counsel estimated that the settlement payment compensated Luo for about 144 hours of overtime.[1] Zynga's counsel further estimated that Luo worked 88 work weeks.[2] The settlement payment thus amounts

---

[1] The calculation was based on taking Luo's annual salary of approximately $115,000, apportioning it over the period he worked to create an hourly rate, multiplying the hourly rate by time-and-a-half to obtain a time-and-a-half rate, and dividing the time-and-a-half rate into the $12,000 settlement payment.

[2] Counsel for Zynga stated that while Luo worked elapsed time of 112 weeks, based on badge swipe data produced in discovery, Luo did not report to work in 24 of those weeks for vacation and other reasons.

to about 1.6 hours per week of overtime paid. The Court concludes that this is a reasonable settlement of Luo's FLSA claims.

The Court further finds that the parties have narrowed the scope of the release. In connection with the prior settlement agreement which was filed under seal, the Court noted that it is not inclined to approve a settlement of FLSA claims that includes a broad release provision purporting to release claims unrelated to this litigation, absent a particularized showing that such a broad release in this case is "fair and reasonable." *See McKeen-Chaplin v. Franklin Am. Mortg. Co.*, No. 10-cv-5243 SBA, 2012 WL 6629608, at *5 (N.D. Cal. Dec. 19, 2012). In response, Luo and Zynga renegotiated their settlement agreement so that it no longer contains a confidentiality provision preventing the public filing of the agreement, and it narrows the release both in terms of the parties and the claims released. Dkt. No. 32 at 5:12-14.

The current release provides that, in exchange for the settlement payment, Luo agrees to release "all known and unknown claims . . . whether based in statute, contract, common law, or equity, that [he] may presently have *arising out of or related to all claims asserted in this lawsuit* and all claims related to leave time for the pregnancy or medical condition of [his] spouse or the birth of [his] child . . . against any Released Party, except as provided in Section 2(e)." Dkt. No. 32-1 at 9 § 2(c) (emphasis added). Unlike the previous release presented to the Court, this release provision generally tracks the claims asserted in this lawsuit, with the exception of the claims related to leave. The Court finds that the inclusion of claims related to leave does not render the settlement of the FLSA claims unfair or unreasonable because there is evidence that Luo's counsel believed that his client had such potential causes of action but did not amend his complaint because the parties settled before engaging in extensive litigation. Dkt. Nos. 32 at 3:23-27; 32-1 ¶ 3. Furthermore, the parties have narrowed the scope of the release by eliminating from the definition of "Released Parties" companies, partnerships, and joint ventures related to Zynga, as well the stockholders of each such entity. Dkt. No. 32-1 at 9 § 2(b). While the scope of the release is relatively broad, the Court finds that it constitutes a fair and

reasonable resolution, especially in light of the risk that Luo might be found to be exempt and the substantial payment provided for in the settlement agreement.[3]  Accordingly, in furtherance of the policy of promoting settlement of litigation, the Court approves the proposed settlement agreement as to Luo's FLSA claims.

**B.  Dismissal of the Putative Class Claims Is Proper.**

In addition to Luo's agreement to dismiss his claims in this lawsuit with prejudice, the settlement provides for dismissal of the claims of the putative class in the lawsuit without prejudice.  Dkt. No. 32-1 at 10 § 3(b).  Luo and Zynga contend that the putative, uncertified class claims should be dismissed because there would be no prejudice to the class.  Dkt. No. 38 at 6-8.

Federal Rule of Civil Procedure 23(e) states that the "claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval."  Fed. R. Civ. P. 23(e).  The court approval requirement has also been applied to settlements made before a class has been certified.  *Diaz v. Trust Territory of Pac. Islands,* 876 F.2d 1401, 1408 (9th Cir. 1989); *Lyons v. Bank of Am., NA*, No. 11-cv-01232 CW, 2012 WL 5940846, *1, n.1 (N.D. Cal. Nov. 27, 2012).  Before certification, however, the court's duty to inquire into a settlement or dismissal differs because "the dismissal is not *res judicata* against the absent class members and the court does not need to perform the kind of substantive oversight required when reviewing a settlement binding upon the class."  *Diaz*, 876 F.2d at 1408 (citations omitted).  To determine whether pre-certification settlement or dismissal is appropriate, "the district court should inquire into possible prejudice from (1) class members' possible reliance on the filing of the action if they are likely to know of it either because of publicity or other circumstances, (2) lack of adequate time for class members to file other actions, because of a rapidly approaching statute of limitations, (3) any settlement or concession of class interests made by the class

---

[3] At the August 8 hearing, Luo's counsel informed the Court that the attorneys representing Luo are not receiving attorneys' fees or a reimbursement of costs from Luo and that no such fees or costs will be deducted from the settlement payment.

representative or counsel in order to further their own interests." *Id.* (citations omitted); *see also Lyons*, 2012 WL 5940846, *2 (applying the *Diaz* factors). The central purpose of this inquiry is to determine whether the proposed settlement and dismissal are collusive or prejudicial to absent putative class members. *Lyons*, 2012 WL 5940846, *2 (citation omitted).

First, Luo and Zynga argue that it is improbable that any putative class members relied on Luo's claims to protect their interests. Dkt. No. 32 at 7:2-9. According to the motion for settlement, the news coverage of this action has consisted of three articles in a legal news website, one of which appeared the day after the complaint was filed, and two of which pertained to the settlement of this action. Dkt. No. 32-1 ¶ 7. The lack of publicity makes it unlikely that similarly situated class members knew of the present lawsuit and relied on it for vindication of their own rights. *See Mahan v. Trex Co., Inc.*, No. 09-cv-670 JF (PVT), 2010 WL 4916417, *3 (N.D. Cal. Nov. 22, 2010). Furthermore, neither the Court nor any party or counsel has issued any notice to the putative class. Dkt. No. 32-1 ¶ 8. Counsel for Luo and Zynga reported that they have not been contacted by any members of the putative class, and no such class members appeared at the hearings held by the Court in connection with the motion for settlement. The Court agrees that it is unlikely here that absent putative class members have relied on the filing of this action.

Second, the putative class members' claims would not be time-barred because of the tolling of the statute of limitations. *See Am. Pine and Constr. v. Utah*, 414 U.S. 538, 554 (1974) (holding that "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action."). Third, Luo does not seek to dismiss the class claims with prejudice and, therefore, the rights or claims of the putative class members are not compromised. *See Lyons*, 2012 WL 5940846, at *2.

Finding no evidence of collusion or prejudice to the putative class members, the Court concludes that each of the *Diaz* factors weighs in favor of approving the dismissal of the class claims without prejudice, and that dismissal is appropriate without notice to the

putative class. *See Diaz*, 867 F.2d at 1409 (holding that settlement of individual claims and dismissal of class allegations without notice is appropriate "so long as the representative plaintiffs do not receive disproportionate recoveries and the absent class members do not suffer prejudice"); *see also Castro v. Zenith Acquisition Corp.*, No. 06-cv-04163 SI, 2007 WL 81905, *1 (N.D. Cal. Jan. 9, 2007) (finding that notice to class of pre-certification dismissal was not required where there was no prejudice to the potential class members).

### III. CONCLUSION

The Court finds that the settlement agreement between Luo and Zynga with respect to Luo's FLSA claims is a fair and reasonable resolution of a bona fide dispute. The Court further finds that the settlement agreement is not collusive and does not prejudice the putative class. Accordingly, the parties' request to withdraw their previous settlement agreement filed under seal is GRANTED. The settlement of Luo's FLSA claims is APPROVED, Luo's individual claims are DISMISSED WITH PREJUDICE, and the class action claims are DISMISSED WITHOUT PREJUDICE. Each side is to bear its own costs and attorneys' fees.

IT IS SO ORDERED.

Date: January 31, 2014

Nathanael M. Cousins
United States Magistrate Judge